# IN THE CIRCUIT COURT FOR FREDERICK COUNTY
# MARYLAND

**LIZBETH O. RIVAS GARCIA**

                                                                          C-10-CV-20-000346

       **Plaintiff,**                **CASE No.:** _____
                                                       **CIVIL CASE**

**vs.**

**WALMART, INC.,**

       **Defendant(s).**

_____/

## COMPLAINT

Plaintiff, LIZBETTH O. RIVAS GARCIA (the "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendant, WALMART, INC. (the "Defendant"), for damages and in support thereof alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for damages in excess of $30,000.00, exclusive of costs, interest and attorney's fees.

2. The Plaintiff is an adult resident of Frederick County, Maryland.

3. The Defendant, Walmart, Inc., is an Arkansas corporation licensed to do business throughout the state of Maryland, including Frederick County, Maryland.

4. Venue in Frederick County, Maryland is proper in this action because the cause of action arose in Frederick County.

## GENERAL ALLEGATIONS

5.  On or about October 8, 2018, while the Plaintiff was a business invitee, shopping at one of the Defendant's stores (Store No. 2233) located at 7400 Guilford Drive, Frederick, Maryland 21704, the Plaintiff, slipped and fell on a liquid located in the floor.

6.  The Defendant owed a duty to the Plaintiff to maintain the floor in its store in a safe and clean manner.  The Defendant had knowledge, actual and/or constructive, of said dangerous condition and failed to remedy same, including but not limited to, properly clean up the liquid expeditiously, and/or failing to warn the Plaintiff of the dangerous condition of the premises, failing to properly inspect the premises, thereby causing the ensuing incident.

7.  The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant, which consisted inter alia of the Defendant's failure to: (1) properly clean up the liquid; (2) failure to warn the Plaintiff of such hazard; (3) properly supervise the area in question so as to furnish the Plaintiff a safe area to walk free of hazards which were recognized or should have been recognized by the Defendant as causing or likely to cause the serious physical harm to the Plaintiff; (4) properly maintain the area in question in a safe condition to ensure that the Plaintiff would not be caused to slip and fall as a result of the liquid which existed and which were known or should have been known to the Defendant; (5) property inspect the area in question wherein the Plaintiff was caused to fall as a result of the liquid; and (6) otherwise failing to exercise the degree of care required under the circumstances.

8.  At all relevant time, the Plaintiff acted in a careful and prudent manner, without any negligence contributing to the resultant accident.

## COUNT 1
## (NEGLIGENCE)

9. Plaintiffs herein allege and incorporate by reference Paragraphs 1 through 8 of the Complaint as is fully set forth herein and further allege that:

10. As a direct and proximate result of the aforesaid accident, which was caused by the negligence of the Defendant, the Plaintiff, who was at all times exercising due care, suffered severe pain and injuries to her body, including lower back, left hip, and left knee, all of which have caused and will continue to cause her great pain and mental anguish.

11. As a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff has been forced to incur and will continue to incur medical expenses for medical treatment, medicines, x-rays, and treatment related to the injuries that resulted from the incident.

12. Solely as a result of the aforementioned injuries, the Plaintiff has incurred damages, including: (a) medical expenses; (b) lost wages; (c) she has, may, and will probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish; (d) she has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity; and (e) her overall health, strength, and vitality have been greatly impaired.

**WHEREFORE,** the Plaintiff requests that the Court enter a judgment against the Defendant in the amount to be determined at trial, plus pre-judgement interest, post-judgment interest and for such and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

**DATED:6/18/2020**

*By: Andres H. Lopez*
Andres H. Lopez, Esq.,
The Andres Lopez Law Firm, PA
7351 Wiles Road Suite 101
Coral Springs, FL 33067
Telephone: 954-237-8138
Facsimile: 1-877-395-7558
Email for service: eservice@alopezlawfirm.com
Counsel for Plaintiff